UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | | |
|---|---|---|---|
| | ) | | |
| v. | ) | Nos. | 2:04-cr-52-JRG-1 |
| | ) | | 2:16-cv-16-JRG |
| RICKEY ALLEN FRAZIER | ) | | |

## MEMORANDUM OPINION

This case is before the Court upon remand from the United States Court of Appeals for the Sixth Circuit. The Court has been instructed to reconsider a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by Ricky Allen Frazier ("Petitioner") in light of the Sixth Circuit's decision in *Cradler v. United States*, 891 F.3d 659 (6th Cir. 2018) [Doc. 52].

By order entered August 21, 2018, the Court directed the parties to submit a joint status report setting forth their respective positions as to the most appropriate form of sentencing relief [Doc. 53]. The following day, the parties submitted a joint status report acknowledging that Petitioner no longer is subject to the enhanced penalties of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), in light of *Cradler*, and further indicating their agreement that the most appropriate relief would be to correct Petitioner's custodial sentence to a term of imprisonment of 120 months and to reduce the previously imposed term of supervised release to three years [Doc. 54]. The Court agrees with the parties' recommendation and will resentence Petitioner accordingly.

**I.    BACKGROUND**

On August 24, 2004, a grand jury returned a four-count indictment charging Petitioner in Count One with possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and in Counts Two through Four with possession with the intent to distribute

various controlled substances [Doc. 1]. On February 14, 2005, Petitioner pled guilty to Count One [Doc. 16].[1]

A presentence investigation report ("PSIR") identified the following convictions for a violent felony, committed on occasions different from one another, that qualified Petitioner as an armed career criminal under the ACCA: (1) second-degree burglary under the pre-1989 Tennessee statute [PSIR ¶ 33]; (2) third-degree burglary under the pre-1989 Tennessee statute [PSIR ¶ 37]; (3) and voluntary manslaughter [PSIR ¶ 38].[2] As an armed career criminal, Petitioner was subject to a statutory mandatory minimum incarceration sentence of 15 years to a maximum of life and his advisory guideline sentencing range under the United States Sentencing Guidelines ("USSG") was 188 to 235 months [PSIR ¶¶ 53, 54].

On May 12, 2005, Petitioner was sentenced to a term of imprisonment of 235 months on Count One to be followed by a term of supervised release of 5 years [Doc. 21 at 2–3]. Petitioner's conviction and sentence were affirmed on direct appeal [Docs. 28, 29].

In 2016, Petitioner filed a § 2255 motion [Doc. 33], an amended § 2255 motion [Doc. 39] and a supplement thereto [Doc. 40], challenging his enhanced sentence as an armed career criminal

---

[1] The remaining three counts of the indictment were dismissed pursuant to a plea agreement [Docs. 14, 16].

[2] The PSIR also identified as ACCA predicate offenses Petitioner's prior Tennessee convictions for manufacturing marijuana and maintaining a dwelling where controlled substances are used and sold [PSIR ¶¶ 25, 39]. However, neither of those offenses qualify as a conviction for a "serious drug offense" under the ACCA because they do not carry a maximum term of imprisonment of 10 years or more as required under § 924(e)(2)(A)(i). *See* Tenn. Code Ann. §§ 39-17-415(a)(1); 39-17-417(a)(1) and (g)(1); 53-11-401(a)(5) and (b)(1); and 40-35-112. The government has conceded that without the third-degree burglary conviction, Petitioner has insufficient other convictions to subject him to the ACCA's enhanced penalties [Docs. 43 p. 8 n. 3; 54 p. 2].

under the ACCA pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015).[3] Petitioner's § 2255 motions, as supplemented, were denied by the Court on March 23, 2017 [Docs. 47, 48]. Petitioner appealed.

While Petitioner's appeal was pending the Sixth Circuit Court of Appeals newly held that a conviction for third-degree burglary under the pre-1989 Tennessee statute does *not* qualify as a violent felony under the enumerated-offense clause of the ACCA. *Cradler*, 891 F.3d at 671. Consequently, the Sixth Circuit reversed this Court's decision denying § 2255 relief and remanded this case for reconsideration of Petitioner's § 2255 motion in light of *Cradler* [Doc. 52].

## II. DISCUSSION

### A. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *McPhearson v. United States*, 675 F.3d 553, 558–59 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

---

[3] In *Johnson*, the Supreme Court determined that the residual clause of the ACCA is unconstitutionally vague and concluded "that imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*

B. **Petitioner's *Johnson* claim**

A felon who possesses a firearm normally faces a maximum penalty of 10 years' imprisonment, 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and 3 years' supervised release, 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2). However, if that felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a 15 year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to 5 years, 18 U.S.C. §§ 3559(a)(1) and 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In this case, the Court previously found that Petitioner had three prior convictions that qualified as ACCA predicates. However, because *Cradler* holds that a conviction for third-degree burglary under the pre-1989 Tennessee statute does not qualify as a violent felony under the enumerated-offense clause, and *Johnson* invalidated the residual clause, that conviction no longer can be used as a predicate offense under the ACCA.[4] Absent that conviction, he no longer has the requisite three prior convictions of a violent felony or a serious drug offense necessary to subject him to the ACCA's enhanced penalties.

---

[4] Pre-1989 third-degree burglary also does not have as an element the use, attempted use or threatened use of force and therefore cannot qualify as a violent felony under the "use-of-physical-force" clause of the ACCA either.

4

Accordingly, the *Johnson* and *Cradler* decisions dictate that Petitioner no longer can be designated an armed career criminal under § 924(e) and, as a result, the 235-month term of imprisonment and 5-year term of supervised release imposed by the Court on Count 1 of the indictment exceed the maximum authorized sentence of not more than 10 years' imprisonment and not more than 3 years' supervised release for a non-ACCA offender convicted of a violation of § 922(g)(1). *See* 18 U.S.C. §§ 924(a)(2); 3559(a)(3) and 3583(b)(2). Under these circumstances, the Court finds a clear entitlement to § 2255 relief on Petitioner's *Johnson* claim, as Petitioner has been subjected to "a sentence imposed outside the statutory limits." *McPhearson*, 675 F.3d at 559.

Where a § 2255 claim has merit, a district court "shall vacate and set the judgment aside" and, "as may appear appropriate," shall either "discharge the prisoner or resentence him or grant a new trial or correct the sentence." 28 U.S.C. § 2255(b); *see also Ajan v. United States*, 731 F.3d 629, 633 (6th Cir. 2013).

The parties indicate that Petitioner already has served over 12 years in custody, in excess of the statutorily authorized maximum sentence of not more than 10 years [Doc. 54 p. 3]. As a result, the parties submit that the appropriate relief would be to correct Petitioner's sentence on Count One to a sentence of 120 months and to reduce the supervised release term imposed at that count to 3 years [*Id*.] The Court agrees that a corrected sentence is the most appropriate form of relief in this case and finds the parties' proposal to be reasonable. An order to that effect will enter accordingly.

## III. CONCLUSION

Upon reconsideration of Petitioner's § 2255 motion as directed by the Sixth Circuit Court of Appeals, the Court finds that Petitioner is entitled to relief under § 2255 in light of *Johnson* and *Cradler*. The parties have recommended that correcting Petitioner's sentence to a term of

imprisonment of 120 months and a term of supervised release of 3 years would be the most appropriate form of relief in this case [Doc. 54 p. 3].

Having considered the factors set forth in 18 U.S.C. § 3553(a), the Court is satisfied that such a term, an upward variance from the applicable advisory guidelines range,[5] is sufficient but not greater than necessary to achieve the statutory purposes of sentencing set forth in § 3553(a)(2), and, therefore, will correct and reduce Petitioner's term of imprisonment to a sentence of 120 months on Count One of the indictment. While Petitioner is entitled to discharge from custody, the order will not take effect until 10 days from its entry so as to give the Bureau of Prisons time to process Petitioner's release. Further, the Judgment imposed on May 12, 2005 [Doc. 21], will be amended to reflect a reduced term of supervised release of 3 years on Count One of the indictment. In all other respects, the Judgment imposed on May 12, 2005, shall remain in full force and effect.

**AN APPROPRIATE ORDER WILL ENTER.**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

---

[5] Petitioner's status as an armed career criminal under 18 U.S.C. § 924(e) increased his total offense level under the advisory United States Sentencing Guidelines from 23 to 31 [PSIR ¶¶ 24–27] and increased his criminal history category from II to VI [PSIR ¶¶ 40–41]. A total offense level of 23 with a criminal history category of II results in an advisory guideline range of 51–63 months. *See* United States Sentencing Commission, *Guidelines Manual*, Ch. 5 Pt. A (Nov. 2017).